AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:19 mj 172 |
| | ) | SHARON L. OVINGTON |
| KEVIN LAMAR GREEN | ) | |
| *Defendant(s)* | | |

FILED
RICHARD W. NAGEL
CLERK OF COURT
MAR 27 PM 2:41
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 3, 2018__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| | SEE ATTACHMENT A |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

*Complainant's signature*

TFO PATRICK CRAUN, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-27-19

*Judge's signature*

City and state: DAYTON, OHIO

SHARON L. OVINGTON, U.S. MAGISTRATE JUDGE
*Printed name and title*

ATTACHMENT A

## COUNT 1
**[18 U.S.C. §§ 922(g)(1) and 924(a)(2)]**

On or about October 13, 2018, in the Southern District of Ohio, defendant **KEVIN LAMAR GREEN** knowingly possessed a firearm, in and affecting interstate commerce. This possession occurred after **KEVIN LAMAR GREEN**, had been convicted of the following felonies punishable by terms of imprisonment exceeding one year, namely:

  a.   on or about November 23, 2005, in the United States District Court for the Southern District of Ohio, at Dayton, Case Number 3:04CR091(2), of Conspiracy to Commit Armed Bank Robbery, in violation of 18 U.S.C. § 371, Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii).

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## AFFIDAVIT

I, Patrick Craun, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a sworn law enforcement officer in the State of Ohio and have been for over thirteen (13) years. I am presently a sworn member of the Trotwood Police Department ("TPD"). I am currently assigned to the Federal Bureau of Investigation's ("FBI") Southern Ohio Safe Streets Task Force ("SOSSTF" or "Task Force") as a Task Force Officer ("TFO"). I have received training in drug trafficking investigations and have conducted and participated in numerous such investigations (ultimately leading to successful prosecution). These trainings/investigations involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance that resulted in the seizure of narcotics, firearms, and United States currency. Based on my training and experience, I am familiar with federal drug and firearm laws, and I am aware that possession of a firearm by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

2. This Affidavit is submitted in support of a criminal complaint, and seeks the issuance of an arrest warrant against **KEVIN LAMAR GREEN** (hereinafter "**GREEN**") for violation of 18 U.S.C. § 922(g)(1), for being a "felon in possession of a firearm."

3. Along with other law enforcement officers, I have participated in the investigation of **GREEN** in connection with the conduct detailed in this Affidavit. As part of the investigation, I have, among other things, discussed information with, and reviewed documentation and reports provided by other law enforcement officers. My knowledge of the facts and circumstances set forth in this Affidavit is thus based upon my own personal observations, as well as information I have received from other law enforcement officers involved in the investigation. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have indirect knowledge.

1

4. I have elected not to include in this Affidavit all the factual details gathered to date during the investigation, but rather I have included only certain information sufficient to establish probable cause to believe that **GREEN** has committed a violation of 18 U.S.C. § 922(g)(1), that being a "felon in possession of a firearm."

## SUMMARY OF PROBABLE CAUSE

5. On October 3, 2018, Trotwood Police Department ("TPD") Officers were dispatched to a McDonald's restaurant, located at 5360 Salem Avenue in the City of Trotwood, Montgomery County Ohio, in reference to a subject who was passed out behind the wheel of a vehicle in the drive-thru lane. This vehicle obstructed customers from safely travelling in the drive-thru lane to patronize McDonald's. Dispatch advised that a black male driving a black sedan was unconscious in the drive-thru lane and it was unknown whether he was alive.

6. Officer Tyler Murphy arrived on scene and observed a black Dodge Charger with a license plate bearing Virginia registration "YVY8693" in the drive-thru lane. Officer Murphy observed the Dodge Charger was up against the curb of the drive-thru lane and the driver later identified as **GREEN** was unconscious. Sergeant William Moore responded to the McDonald's and parked his cruiser in front of the Dodge Charger to block the vehicle from fleeing if **GREEN** suddenly woke up. Officer Murphy approached the driver's door of the Dodge Charger and reached into the window to attempt to wake up **GREEN**. Officer Murphy observed that Green was the sole occupant of the vehicle.

7. Sergeant Moore approached the passenger side of the Dodge Charger and advised Officer Murphy that he observed a handgun wedged in-between the driver's seat and center console. Officer Murphy backed away from the Dodge Charger and drew his gun and began giving **GREEN** verbal commands to exit the vehicle and keep his hands up. Officer Murphy's commands woke up **GREEN** and he put his hands up however **GREEN** would not exit the vehicle. Officer Murphy approached the Dodge Charger and

2

continued to order **GREEN** to exit the vehicle. Officer Murphy removed **GREEN** from the Dodge Charger and detained him. Officer Murphy searched **GREEN** and secured him in the back seat of a TPD cruiser. Officer Murphy read **GREEN** his Miranda Rights and **GREEN** refused to answer questions or make any statements. **GREEN** was found to possess an invalid driver's license and confirmed that he did not have a lawful permit to carry a concealed weapon.

8. Officers photographed the handgun in place prior to removing it from the Dodge Charger. The handgun was found to be a Glock model 23, .40 caliber, with serial number "HZX202." The Glock handgun was loaded with a high-capacity, extended magazine containing twenty two rounds and a round in the chamber. The Dodge Charger was found to be a rental vehicle.

9. I subsequently spoke with Special Agent (SA) Chris Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has training and experience in determining a firearm's manufacturing location. SA Reed advised the Glock firearm was manufactured outside the state of Ohio, thus moved in interstate commerce. Officer Timothy Davis of the TPD, who is a certified firearms instructor through the Ohio Peace Officer Training Academy conducted an operability test on the Glock handgun. Officer Davis completed a report indicating the firearm was checked for operability and found to be operable.

10. Based on a review of **GREEN's** criminal history, I know that **GREEN** has been previously convicted of a felony offense (punishable by greater than one year imprisonment), namely on or about November 23, 2005 in the United States District Court for the Southern District of Ohio, case number 3:04CR091(2) (TMR), for "Conspiracy to Commit Armed Bank Robbery," in violation of 18 U.S.C. § 371; "Armed Bank Robbery," in violation of 18 U.S.C. §§ 2113(a) and (d); and "Use of a Firearm During a Crime of Violence," in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii).

11. Based on the facts set forth in the Affidavit, there is probable cause to believe that, on or about October 3, 2018, in the Southern District of Ohio, **GREEN** committed a violation of 18 U.S.C. § 922(g)(1), that being a "felon in possession of a firearm."

Further your Affiant sayeth naught.

Patrick Craun, Task Force Officer
Federal Bureau of Investigation
Southern Ohio Safe Streets Task Force

Subscribed and sworn to before me this 27th day of March, 2019.

HONORABLE SHARON L. OVINGTON
UNITED STATES MAGISTRATE JUDGE

4